THE COMMERCIAL BANK OF NATCHEZ *v.* DORINDA DAYTON.

APPEAL from the District Court of Concordia, *Curry*, J.

*F. H. Farrar*, for the plaintiffs.

*Sanders* and *Frost*, for the appellant.

BULLARD, J. Dorinda Dayton is appellant from a judgment against her, as surety of one Gibson, on a promissory note, made payable to the order of the Commercial Bank of Natchez.

The defence is, that the note sued on was given for a balance due on one formerly given by the same party, which was partly paid by a shipment of cotton; that, in fact, it was a loan upon

cotton, the Bank making an advance of sixty or seventy dollars per bale. It is alleged by the defendant, that the Bank had not given credit for as much as they ought to have done, in liquidating the balance due upon the first note ; and that the owner was entitled to the benefit of the domestic, as well as foreign exchange, but that the Bank did not allow it, and was thereby guilty of usury.

The facts attending the transaction are drawn out of the officers of the Bank by a series of interrogatories, and appear to be, substantially, as follows : That Gibson gave his note, with the present appellant and others as sureties, for $6360 42, payable on the 10th of January, 1839. This note was given for $5940, current bank notes, payable on demand, and the interest at seven per cent. That Gibson, the drawer, shipped to Reynolds, Byrne & Co., of New Orleans, ninety-nine bales of cotton, which were reshipped by them to Liverpool, to be sold on account of Gibson, the proceeds to be subject to the order of the Commercial Bank of Natchez. It was agreed, that the Bank was to draw for the proceeds in the usual way, and credit on said note of $6360 42, the amount of the proceeds, together with any exchange that might be obtained on the bills drawn for the same, either at New York, Philadelphia, or New Orleans, at either of which places the bills might be sold. That the cotton was sold in Liverpool, and an account of sales rendered to Gibson, for £1010 16s. 7d., nett proceeds, after deducting charges, £771 19s. 1d. The charges on the cotton in New Orleans amounted to $247 15, leaving the nett proceeds $3183 75, exclusive of exchange. That Gibson was allowed credit on this note at its maturity for $3667 14, being the above balance, the amount of exchange, and interest on the same, up to the maturity of the note. It appears, that the full benefit of the foreign exchange was given to Gibson but that the plaintiff derived the benefit of the domestic exchange by placing funds without charge in Philadelphia, but as the funds were used there, it cannot be ascertained with certainty how much.

It is contended, that this constitutes usury : that over and above the legal rate of discount, the Bank received all the advantage of the domestic exchange, and did not account for it when the new note was given. To this it may be answered, that there is no

evidence of any agreement between the parties as to the domestic exchange, nor is it shown whether the exchange was favorable or unfavorable to the Bank. The defendant has, therefore, in our opinion totally failed in making good, her defence.

*Judgment affirmed.*